IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

CHARMANE SMITH,

       Plaintiff,

vs.                                     No. 06-2496-B/V

DELL, INC.

       Defendant.

_____

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
NOTICE OF APPELLATE FILING FEE
AND
ORDER IMPOSING RESTRICTIONS ON FILING PRIVILEGES

_____

On July 3, 2006, Plaintiff Charmane Smith filed a pro se complaint that purported to invoke this Court's subject-matter jurisdiction pursuant to, inter alia, 28 U.S.C. § 1331, along with a motion seeking leave to proceed in forma pauperis. The motion for leave to proceed in forma pauperis is GRANTED. The Clerk shall record the defendant as Dell, Inc.

Plaintiff's mother, Ethel Smith, allegedly purchased a computer from Defendant as a Christmas present for Plaintiff. The complaint alleges that Plaintiff's mother was overcharged in the amount of one hundred dollars ($100). Compl., ¶ 3. Defendant's customer service representatives also allegedly "repeatedly sent items that were not ordered or that did not work," repeatedly

transferred Plaintiff's telephone calls to different departments, spoke to her in a disrespectful manner, and promised a four hundred dollar ($400) rebate check but did not deliver it, all of which constituted discrimination against Plaintiff as a black woman. Id., ¶ 1. The complaint further alleges that "Defendant is alleged to have practiced Racial Discrimination against Plaintiff CHARMANE SMITH by incorrectly assuming that Plaintiff SMITH was attempting to obtain merchandise through credit card fraud." Id., ¶ 2 (emphasis omitted). Plaintiff seeks money damages in the amount of five million dollars ($5,000,000).

      The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

    (i)     is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Plaintiff's complaint is subject to dismissal in its entirety.

      A party in federal court must proceed either through licensed counsel or on her own behalf. See 28 U.S.C. § 1654; see also Fed. R. Civ. P. 11(a) ("[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party"). A nonlawyer may not

2

sign pleadings on behalf of another person. See Garrison v. Fleet Fin., Inc., No. 97-6422, 1999 WL 282626, at *1 (6th Cir. Apr. 30, 1999) (holding that "[t]he signing and filing of a notice of appeal on behalf of another by a person who is not a qualified attorney is ineffective to vest an appellate court with jurisdiction"); Cochran v. Nelson, No. 93-3521, 1994 WL 28648, at *3 (6th Cir. Feb. 1, 1994) Peak v. Smith, No. 91-5902, 1992 WL 60194, at *1 (6th Cir. Mar. 27, 1992) ("As an initial matter, we recognize this appeal as brought only by plaintiffs Peak and Crowhorn as they were the only parties to sign the notice of appeal. As plaintiff Duncan failed to sign the notice of appeal, he failed to effectuate an appeal. . . . In addition, Peak and Crowhorn are not permitted to plead or conduct the case for others because they are not attorneys. See 28 U.S.C. § 1654. Therefore, the only plaintiffs before this court as appellants are Peak and Crowhorn.") (citations omitted); see also Cavanaugh ex rel. Cavanaugh v. Cardinal Local School Dist., 409 F.3d 753, 755 (6th Cir. 2005) ("Because, by definition, pro se means to appear on one's own behalf, a person may not appear pro se on another person's behalf in the other's cause of action."); Shepherd v. Wellman, 313 F.3d 963, 970-71 (6th Cir. 2003).

      The complaint appears to assert that Plaintiff is entitled to represent the interests of her mother pursuant to Fed. R. Civ. P. 17. In fact, however, Fed. R. Civ. P. 17(a) provides that "[e]very action shall be prosecuted in the name of the real party in interest." The complaint does not allege that Plaintiff's mother is

3

incompetent or otherwise incapacitated. Moreover, even if she were, only a licensed attorney can represent her interests in federal court. Cf. Cheung v. Youth Orchestra Found., Inc., 906 F.2d 59, 61 (2d Cir. 1990) (lay parent or guardian cannot file pro se complaint on behalf of minor or ward, who must be represented by attorney); Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986) (under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, "a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney"); Brown v. Ortho Diagnostic Sys., 868 F. Supp. 168, 170 (E.D. Va. 1994) (following Meeker and progeny and refusing to permit parent to represent minor child).

Because Plaintiff is not a licensed attorney, she may not represent the interests of her mother in federal court. Moreover, because the complaint, on its face, indicates that Ethel Smith purchased the computer, Plaintiff has no standing to prosecute the claims for the one hundred dollar ($100.00) overcharge, the sending of items that were not ordered or that did not work, and the failure to remit the promised four hundred dollar ($400.00) rebate check on her own behalf.

As for Plaintiff's claims that she was treated discourteously by Defendant's customer service department, which she arguably has standing to raise, the complaint fails to comply with the Federal Rules of Civil Procedure. In particular, Fed. R. Civ. P. 8(a)(2) provides, in relevant part, that "[a] pleading which sets forth a claim for relief . . . shall contain . . . (2) a short and

plain statement of the claim showing that the pleader is entitled to relief."[1] That statement must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). The Sixth Circuit has emphasized that "[a] complaint . . . must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 406 (6th Cir. 1998) (citation omitted); see also Minadeo v. ICI Paints, 398 F.3d 741, 762-63 (6th Cir. 2005) (complaint insufficient to give notice of statutory claim); Savage v. Hatcher, 109 F. App'x 759, 761 (6th Cir. 2004); Coker v. Summit County Sheriff's Dep't, 90 F. App'x 782, 787 (6th Cir. 2003) (affirming dismissal of pro se complaint where plaintiff "made 'bare bones,' conclusory assertions that do not suffice to state a cognizable constitutional claim"); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for her."); Foundation for Interior Design Educ. Research v. Savannah College of Art & Design, 244 F.3d 521, 530 (6th Cir. 2001) (the complaint must "'allege a factual predicate concrete enough to warrant further proceedings'") (citation omitted); Mitchell v. Community Care Fellowship, 8 F. App'x 512, 513 (6th Cir. 2001);

---

[1] See also Fed. R. Civ. P. 10(b) (each claim generally should be stated in a separate count).

Hancock v. U.S. Dep't of Educ., No.04-2256-Ml/V, 2005 WL 3071881, at *3 (W.D. Tenn. Nov. 14, 2005).

The complaint in this case is insufficient to give notice of the nature of Plaintiff's claim against Defendant arising out of the telephone calls to customer service. Rather than identifying any cause of action, the complaint instead cites only 28 U.S.C. § 1331, which gives federal courts subject-matter jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States," and 28 U.S.C. § 1332, which gives federal courts jurisdiction over civil actions between citizens of different states where the amount in controversy is at least $75,000. These jurisdictional allegations are insufficient to put Defendant on notice of the nature of Plaintiff's claim.[2]

Accordingly, the Court DISMISSES this action in its entirety, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

---

[2]  The only likely source of federal-question jurisdiction would perhaps be 42 U.S.C. § 1981, which provides, in pertinent part, that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." However, the Supreme Court recently clarified that "[a]n individual seeking to make or enforce a contract under which he has rights will have a claim under 42 U.S.C. § 1981, while one seeking to make or enforce a contract under which someone else has rights will not." Domino's Pizza, Inc. v. McDonald, 126 S. Ct. 1246, 1249 n.2 (2006) (emphasis omitted). As Plaintiff's mother purchased the computer, only she has standing to enforce her contractual rights under 42 U.S.C. § 1981.

Although it is conceivable that Plaintiff may have some state-law tort claim against Defendant for the alleged conduct of its customer-service representatives, the Court will not speculate about the nature of that claim or whether its value could possibly satisfy the amount in controversy requirement. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)).

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed in forma pauperis in the district court, she may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. It would be inconsistent for a district court to determine that a complaint does not warrant service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss the complaint for failure to state a claim and as frivolous also compel the conclusion that an appeal would not be taken in good faith.

7

It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal in forma pauperis is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must pay the $455 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.[3]

Plaintiff is a frequent filer of patently meritless lawsuits.[4] The actions of this litigant demonstrate a marked

---

[3] Effective April 9, 2006, the appellate filing fee increased from $255 to $455.

[4] Since 2003, Plaintiff has commenced 15 civil actions in this district. Eleven of those cases, including the instant complaint, were dismissed sua sponte for failure to state a claim or as frivolous or as devoid of jurisdiction. See Smith v. United States, et al., No. 06-2484-Ma/V (W.D. Tenn. dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii) Jan. 9, 2007), notice of appeal filed (Jan. 17, 2007); Smith v. Fearnley & Califf, PLLC, et al., No. 06-2494-Ma/An (W.D. Tenn. dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) Dec. 14, 2006), appeal docketed, No. 07-2053 (6th Cir. Jan. 16, 2007); Smith v. Community Mortgage Corp., et al., No. 06-2490-Ma/P (W.D. Tenn. dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) Dec. 14, 2006), appeal docketed, No. 07-2052 (6th Cir. Jan. 16, 2007); Smith v. Dobbs Bros. Mazda, et al., No. 06-2422-B/V (W.D. Tenn. dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) Dec. 8, 2006), appeal docketed, No. 06-6575 (6th Cir. Dec. 19, 2006); Smith v. Prizedistribs., et al., No. 06-2121-Ml/V (W.D. Tenn. dismissed pursuant to Fed. R. Civ. P. 12(h)(3) Oct. 24, 2006), appeal docketed, No. 06-6409 (6th Cir. Nov. 7, 2006); Smith v. Crye-Leike, Inc., et al., No. 06-2495-Ma/P (W.D. Tenn. dismissed Aug. 14, 2006), notice of appeal filed (Aug. 31, 2006); Smith v. United States, et al., No. 06-2117-Ma/P (W.D. Tenn. dismissed pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii) Aug. 10, 2006), app. dismissed, No. 06-6184 (6th Cir. Oct. 18, 2006); Smith v. Levy, No. 06-2119-Ma/P (W.D. Tenn. dismissed pursuant to Fed. R. Civ. P. 12(h)(3) June 30, 2006), appeal docketed, No. 06-6143 (6th Cir. Aug. 31, 2006); Smith v. Tennessee Dep't of Safety, et al., No. 03-2857-D/V (W.D. Tenn. dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and Fed. R. Civ. P. 12(h)(3) Jan. 30, 2004); Smith v. Summit Group Publ'ns, No. 03-2856-Ma/V (W.D. Tenn. dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 8(a)(2) Apr. 30, 2004). One case was voluntarily dismissed by Plaintiff. Smith v. Town & County Acceptance Corp., et al., No. 06-2483-Ma/P (W.D. Tenn. dismissed Aug. 29, 2006). Service was ordered on a single defendant in one case, which is pending. Smith v. Equifax, No. 06-2122 (W.D. Tenn. filed Feb. 22, 2006). Two cases have not yet been screened. Smith v. Crye-Leike, Inc, et al., No. 06-2715 (W.D. Tenn. filed Oct. 24, 2006); Smith v. New Amsterdam Capital Partners, et al., No. 06-2699-Ma/V (W.D. Tenn. Filed Oct. 17, 2006).

8

propensity to abuse the judicial system in an attempt to harass the defendants as well as the court. Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir. 1987). This Court has the obligation and authority to prevent this type of abuse.

> Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. If such power did not exist, or if its exercise were somehow dependent upon the actions of another branch of government or upon the entitlement of a private party to injunctive relief, the independence and constitutional role of Article III courts would be endangered.

In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984); see also Winslow v. Romer, 759 F. Supp. 670, 677-78 (D. Colo. 1991); Kersh v. Borden Chemical, Div. of Borden, Inc., 689 F. Supp. 1442, 1452-53 (E.D. Mich. 1988). The Sixth Circuit and other appellate courts have endorsed the enjoining of prolific frivolous filers. See Filipas, 835 F.2d at 1146; Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986); Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986); see also Day v. Allstate Ins. Co., 788 F.2d 1110 (5th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir. 1984); In re Green, 215 U.S. App. D.C. 393, 669 F.2d 779 (D.C. Cir. 1981) (per curiam); Green v. Warden, 699 F.2d 364 (7th Cir. 1980); Green v. White, 616 F.2d 1054, 1056 (8th Cir. 1980) (per curiam); Gordon v. Department of Justice, 558 F.2d 618 (1st Cir. 1977); Gambocz v. Yelencsics, 468 F.2d 837 (3d Cir. 1972). The Court must take care not to impose restrictions that would preclude the party from all access to the courts. Safir

9

v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986); Sires v. Gabriel, 748 F.2d 49, 51 (1st Cir. 1984).

The Court has considered how to prevent Smith from continuing to abuse the judicial system by repeatedly attempting to litigate meritless claims, without also completely precluding her access to the courts. See, e.g., Sickle v. Holloway, 791 F.2d 1431, 1437 (10th Cir. 1986) (limited filing restrictions prevent relitigation of frivolous allegations but do not totally preclude access); see also Lyons v. Randall, 834 F.2d 493, 496 (5th Cir. 1987) (sanctions imposed for third filing of frivolous lawsuit and for suing federal judge protected by absolute judicial immunity); cf. Wilson v. Yaklich, 148 F.3d 596, 605 (6th Cir. 1998) (upholding the constitutionality of 28 U.S.C. § 1915(g), which bars prisoners who have filed three meritless lawsuits from proceeding in forma pauperis; "Congress's decision to bar the filing of IFP prisoner claims after only three dismissals of the plaintiff's prior causes of action on grounds of legal inadequacy, frivolousness, or malice does not implicate due process principles. A legislative body may rationally and appropriately presume that three such dismissals are indicative of a propensity to abuse the court system.").

Accordingly, the Court ORDERS that Plaintiff may not commence any action in this district without paying the full civil filing fee. The Clerk is ORDERED not to file any new civil action submitted by Smith unless it is accompanied by the civil filing fee or unless specifically directed to do so by a district judge or

10

magistrate judge of this district. This order shall apply to any action that is filed in another district and transferred to this district. The order shall not, however, apply to the actions filed by Smith that are currently pending.

Smith is further ADMONISHED that, in the event she persists in filing meritless actions despite the imposition of the restrictions set forth herein, she may be subject to additional restrictions on her filing privileges and monetary fines.

IT IS SO ORDERED this 24th day of January, 2007.

                                            s/ J. DANIEL BREEN
                                            UNITED STATES DISTRICT JUDGE