IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

CHARMANE SMITH,

  Plaintiff,

vs.           No. 06-2496-B/V

DELL, INC.

  Defendant.

---

ORDER STRIKING UNSIGNED FILING
ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
AND
ORDER PRECLUDING FURTHER FILINGS IN THIS CLOSED CASE

---

On July 3, 2006, Plaintiff Charmane Smith filed a pro se complaint that purported to invoke this Court's subject-matter jurisdiction pursuant to, inter alia, 28 U.S.C. § 1331, concerning a computer purchased by her mother that was given to Plaintiff for Christmas. (Docket Entry ("D.E.") 1.) The Court issued an order on July 24, 2007 that, inter alia, dismissed the complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted; certified, pursuant to Fed. R. App. P. 4(a), that an appeal would not be taken in good faith; and revoked Plaintiff's privilege of filing lawsuits in forma pauperis as a sanction for the numerous, patently meritless actions she has filed. Judgment was entered on January 25, 2007. Plaintiff's appeal was dismissed for want of prosecution due to her failure to pay the

appellate filing fee. Smith v. Dell, Inc., No. 07-5166 (6th Cir. Oct. 11, 2007).

On October 26, 2007, Plaintiff filed two motions in this closed case. The first, entitled "Motion for Stay of Judgment Under Rule 62(b)" (D.E. 13) is unsigned and the Clerk should not have accepted it for filing. Moreover, Fed. R. Civ. P. 62(b), concerning stays of proceedings to enforce judgments, is inapplicable here as no judgment for monetary or injunctive relief has issued. The case was dismissed, and it remains dismissed. The Clerk is directed to STRIKE this motion, which should not have been filed.

On October 26, 2007, Plaintiff also filed a motion for relief from judgment, pursuant to Fed. R. Civ. P. 60(b)(3), (4), and (6). Rule 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for numbers (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

"As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the

enumerated reasons contained in Rule 60(b) that warrant relief from judgment." Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir. 1993). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." Jinks v. AlliedSignal, Inc., 250 F.3d 381, 384 (6th Cir. 2001).

      Plaintiff first relies on Rule 60(b)(3), concerning fraud on the Court. Her motion makes clear that the "fraud" at issue was committed by this judge, and consists of making rulings adverse to Plaintiff. Rule 60(b)(3), on its face, pertains to misconduct "of an adverse party," and is not applicable here.

      Rule 60(b)(5) is also inapplicable, as no judgment for monetary or injunctive relief has issued.

      Plaintiff also relies on Fed. R. Civ. P. 60(b)(6). The Sixth Circuit has repeatedly emphasized that relief pursuant to that provision is rarely appropriate:

> [R]elief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." Waifersong Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992). This is especially true in an application of subsection (6) of Rule 60(b), which applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990); see also Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863-64 . . . (1988). This is because "almost every conceivable ground for relief is covered" under the other subsections of Rule 60(b). Olle, 910 F.2d at 365; see also Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir. 1989). Consequently, courts must apply Rule 60(b)(6) relief only in "unusual and extreme situations where principles of equity _mandate_ relief." Olle, 910 F.2d at 365.

Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001) (emphasis in original).

In this case, Plaintiff had the opportunity to appeal the dismissal of her case and the imposition of restrictions on her filing privileges. The motion does not set forth any extraordinary circumstances justifying relief under Rule 60(b)(6).

Plaintiff also argues that this judge should have recused himself because of his familiarity with the two criminal cases filed against Plaintiff. No recusal motion was filed and, if it had, it would not have been granted. A judge must recuse himself if, knowing all of the circumstances, a reasonable, objective person would question the judge's impartiality. United States v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990). "The standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." Id. (citation omitted). Bias sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. Ullmo ex rel. Ullmo v. Gilmour Acad., 273 F.3d 671, 681 (6th Cir. 2001); Browning v. Foltz, 837 F.2d 276, 279 (6th Cir. 1988); United States v. Story, 716 F.2d 1088, 1090 (6th Cir. 1983). A judge's participation in the proceedings or prior contact with a litigant in related cases cannot support a demand for recusal. Liteky v. United States, 510 U.S. 540, 556 (1994); Sammons, 918 F.2d at 599. Twenty-eight U.S.C. §§ 144 and 455 are to be read in pari materia to require that disqualification

4

must be predicated upon extrajudicial conduct, rather than judicial conduct, and to require that the alleged bias and prejudice be personal rather than judicial. Story, 716 F.2d at 1096.[1] "A judge is presumed to be impartial, and a litigant seeking disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge." United States v. Adams, No. 93-5682, 1994 WL 589509, at *2 (6th Cir. Oct. 25, 1994) (per curiam).

The fact that this judge presided over Plaintiff's criminal cases had no bearing on the decision reached in this case and provides no basis for disqualification. Moreover, as the January 25, 2007 order makes clear, every other judge sitting in the Western Division of this district has dismissed lawsuits filed by this Plaintiff, sua sponte, as frivolous, for failure to state a claim, or as devoid of jurisdiction. (D.E. 4 at 8 n.4.)

The motion for reconsideration is DENIED.

The January 25, 2007 order concluded as follows:

> Smith is further ADMONISHED that, in the event she persists in filing meritless actions despite the imposition of the restrictions set forth herein, she may be subject to additional restrictions on her filing privileges and monetary fines.

(Id. at 11.) The Court reiterates that admonishment. Plaintiff is further ADMONISHED that, in the event she persists in filing meritless motions in this or any other closed civil case, she may be

---

[1] The Supreme Court has held that § 455(b)'s "extrajudicial source" doctrine also applies to § 455(a). Liteky, 510 U.S. at 540.

subject to additional restrictions on her filing privileges and monetary fines. **The Clerk is directed not to file any further documents in this closed civil case, except a one-page notice of appeal from this order.**

       IT IS SO ORDERED this 31st day of October, 2007.

                              s/ J. DANIEL BREEN
                              UNITED STATES DISTRICT JUDGE