IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

CHARMANE SMITH,

    Plaintiff,

vs.      No. 06-2496-B/V

DELL, INC.

    Defendant.

---

ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

---

On July 3, 2006, Plaintiff Charmane Smith filed a pro se complaint that purported to invoke this Court's subject-matter jurisdiction pursuant to, inter alia, 28 U.S.C. § 1331, concerning a computer purchased by her mother that was given to Plaintiff for Christmas. (Docket Entry ("D.E.") 1.) The Court issued an order on January 24, 2007 that, inter alia, dismissed the complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted; certified, pursuant to Fed. R. App. P. 4(a), that an appeal would not be taken in good faith; and revoked Plaintiff's privilege of filing lawsuits in forma pauperis as a sanction for the numerous, patently meritless actions she has filed. Judgment was entered on January 25, 2007. Plaintiff's appeal was dismissed for want of prosecution due to her failure to pay the

appellate filing fee. Smith v. Dell, Inc., No. 07-5166 (6th Cir. Oct. 11, 2007).

On October 26, 2007, Plaintiff filed two motions in this closed case. (D.E. 13 & 14.) The Court issued an order on October 31, 2007 that, inter alia, struck an unsigned motion and denied the other motion. (D.E. 15.) On November 13, 2007, Plaintiff filed a notice of appeal. (D.E. 16.)

The Court must consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed in forma pauperis in the district court, she may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. It would be inconsistent for a district court to determine that a complaint does

not warrant service on the defendants, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to deny Plaintiff's motions also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to proceed on appeal in forma pauperis is, therefore, DENIED. Therefore, Plaintiff must pay the $455 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

**The Clerk is directed not to file any further documents in this closed case.**

IT IS SO ORDERED this 17th day of December, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE